## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JOSHUA ISAAC MARTINEZ,

     Plaintiff,

v.                                Case No. 4:26-cv-9-AW-MJF

OFFICER COOPER, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

In this civil action, Plaintiff is suing six prison officials of the Taylor Correctional Institution for alleged violations of the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Doc. 1 at 3. The undersigned recommends that the District Court dismiss this case under 28 U.S.C. § 1915(g).

### PLAINTIFF'S COMPLAINT

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") currently housed at Cross City Correctional Institution. Doc. 1. Plaintiff was formerly housed at Taylor Correctional Institution. *Id.* Plaintiff initiated this civil action on January 9, 2026, by filing a civil-rights complaint and a motion for leave to proceed *in forma pauperis*.

Docs. 1, 2. Plaintiff alleges that on July 10, 2025, while housed at the Taylor Correctional Institution, one or more Defendants "invidiously discriminated against [him]" by physically harming Plaintiff because of his status as a "Judeo-Christian holding a Bible" and acted with "reckless disregard" in doing so. Doc. 1 at 6. Plaintiff also seeks to hold various supervisory Defendants liable for allegedly "cover[ing] the incident up." *Id.*

## DISCUSSION

A party who files a civil case must simultaneously pay any fee required under 28 U.S.C. § 1914, or more for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C. § 1914; 28 U.S.C. § 1915; N.D. Fla. Loc. R. 5.3. Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* in a civil action if the prisoner previously filed three or more actions or appeals, while incarcerated, that were dismissed for frivolity, maliciousness, or failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S.__, 140 S. Ct. 1721, 1723 (2022).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time the prisoner files his case, and failure to do

so warrants dismissal of the case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time the inmate initiates suit); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

## A.    <u>Plaintiff Has Accrued at Least Three "Strikes"</u>

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that Plaintiff filed the following civil actions while incarcerated in the FDC that were dismissed as frivolous or for failure to state a claim on which relief can be granted:

- *Martinez v. United States*, No. 1:25-cv-3-AW-HTC, 2025 WL 551867 (N.D. Fla. Feb. 19, 2025) (civil-rights action dismissed as frivolous, among other reasons); and

- *Martinez v. Dixon*, No. 1:24-cv-21-MW-MAF, 2024 WL 2723875 (N.D. Fla. May 28, 2024) (civil-rights action dismissed for failure to state a claim on which relief can be granted), *appeal docketed*, No. 24-12000 (11th Cir. 2024).[1]

---

[1] A prior dismissal on a ground enumerated in 28 U.S.C. § 1915(g) counts as a strike even if the dismissal is the subject of an appeal. *Coleman v. Tollefson*, 575 U.S. 532, 534, 541 (2015).

In addition, Plaintiff filed the following appeal while incarcerated in the FDC that was dismissed as frivolous:

- *Martinez v. United States of America*, No. 25-10702 (11th Cir. Aug. 1, 2025) (dismissing appeal of the judgment in No. 1:25-cv-3-AW-HTC, as frivolous) (copy at No. 1:25-cv-3, Doc. 30).

These cases qualify as "strikes" under § 1915(g). These cases are attributable to Plaintiff insofar as they bear his name and inmate number (DC#V44831). Plaintiff also acknowledges that federal courts previously have dismissed Plaintiff's cases because of the "three strikes rule." Doc. 1 at 13.

Because Plaintiff has accrued at least three strikes, he may not litigate this case *in forma pauperis* and was required to pay the filing fee at case initiation, unless his allegations demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## B.    Plaintiff Fails to Satisfy the Imminent-Danger Exception

To satisfy the "imminent danger" exception, "the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). An allegation of past danger will not invoke the exception. *Medberry*, 185

F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to [§ 1915(g)].").

In determining whether a prisoner has proved imminent danger of serious physical injury, the court "looks to the complaint, construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311. "General assertions, however, are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (internal quotation marks and citation omitted).

Plaintiff's allegations concern a past incident of discrimination and physical harm that occurred at another correctional institution. Plaintiff does not allege an ongoing threat of physical harm. Therefore, Plaintiff's allegations do not satisfy the high bar § 1915(g) has set for prisoners who have incurred three strikes to proceed *in forma pauperis*. The "imminent danger" exception is available "for genuine emergencies," where "time is

pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). No such showing has been made here.

Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, the District Court must dismiss this case under 28 U.S.C. § 1915(g). *See Dupree*, 284 F.3d at 1236.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DENY** Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2.

2.    **DISMISS** this civil action without prejudice under 28 U.S.C. § 1915(g).

3.    **DIRECT** the clerk of court to close this case file.

At Pensacola, Florida, this 22nd day of January, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**